IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GEORGE K. YOUNG, JR.,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII and NEIL ABERCROMBIE in his capacity as Governor of the State of Hawaii; DAVID M. LOUIE in his capacity as State Attorney General; COUNTY OF HAWAII, as a sub-agency of the State of Hawaii and WILLIAM P. KENOI in his capacity as Mayor of the County of Hawaii; and the Hilo County Police Department, as a sub-agency of the County of Hawaii and HARRY S. KUBOJIRI in his capacity as Chief of Police; JOHN DOES 1-25; JANE DOES 1-25; CORPORATIONS 1-5; and DOE ENTITIES 1-5,<br><br>    Defendants. | CIVIL NO. CV 12-00336 DAE-BMK<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

**MEMORANDUM IN SUPPORT OF MOTION**

I.  **INTRODUCTION**

This is Plaintiff, George Young's, third suit in this Federal Court seeking generally the same relief from the same officials.[1]  Once again, generally speaking,

---

[1] *Young v. State of Hawaii*, 548 F.Supp.2d 1151 (2008), *Young v. State of Hawaii*, 73 Fed.R. Serv. 1635 (2009)

472518_1

Plaintiff complains that he was denied a firearms permit in violation of his Second Amendment rights, *inter alia*. In this 42 U.S.C. §1983 action Plaintiff has brought suit against the State of Hawaii and Governor Abercrombie in his official capacity, David Louie, Attorney General of the State of Hawaii in his official capacity, as well as against the County of Hawaii, its Mayor and Police Chief, and others, seeking monetary damages and declaratory and injunctive relief.

Plaintiff's first suit was filed and dismissed before any of the recent clarifications of Second Amendment law by the U.S. Supreme Court. In that case, as in the subsequent cases, the State of Hawaii, its Governor and Attorney General were dismissed as defendants under the Eleventh Amendment. Plaintiff's second case was filed after the decision in *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783 (2008) and was dismissed by Judge Ezra, primarily on the grounds that *Heller* only applied to the federal government. Before final dismissal, the Ninth Circuit decided *Nordyke v. King*, 563 F.3d 439 (9th Cir. 2009) which occasioned a reconsideration by Judge Ezra who found that *Nordyke* did indeed confer standing upon the Plaintiff, but did not alter the result, particularly, for the purposes of this motion with regard to the dismissal of the Attorney General (then Mark Bennett), who at that time was sued in his individual capacity. Before the filing of the instant suit, Judge Kay, on April 30, 2012, decided *Baker v. Kealoha*, Civ. No. 11-00528 ACK-KSC which considered not only *Heller* and *Nordyke*, but

also *McDonald v. City of Chicago*, 561 U.S. ___, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010), which extended the *Heller* ruling on the second amendment to the states. In *Baker*, Judge Kay also considered the two prior decisions in *Young's* cases.

For the reasons and authorities set out below, the State of Hawaii, Governor Abercrombie, and Attorney General Louie move this Court for entry of dismissal in their favor on all of Plaintiff's claims against them.

II.   <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12 (b) (6) ("Rule 12 (b) (6)") permits dismissal of a complaint that fails "to state a claim upon which relief can be granted." Under Rule 12 (b) (6), review is generally limited to the contents of the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *See Sprewell*. 266 F.3d at 988; *Nat'l Assoc. for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000);

*In re Syntex Corp. Sec. Litiq.*, 95 F.3d 922, 926 (9th Cir. 1996). Moreover, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.

In summary, to survive a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations and quotations omitted). Dismissal is appropriate under Rule 12 (b) (6) if the facts alleged do not state a claim that is "plausible on its face." *Id.* at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not - 'show [n]' — 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

"Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." *Harris v. Amgen. Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (internal quotation marks omitted). "But courts have discretion to deny leave to amend a complaint for futility, and futility includes the inevitability of a claim's defeat on summary judgment." *Johnson v. Am. Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir.1987) (citations and internal quotation marks omitted).

### III. ARGUMENT

#### A. Plaintiff's Federal Constitutional Claims Against the State of Hawaii, Governor Abercrombie, and Attorney General Louie are Barred by Eleventh Amendment Immunity.

The doctrine of sovereign immunity is set out in the Eleventh Amendment to the United States Constitution:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend XI. Sovereign immunity is an absolute bar to suits in federal court against a state, whether brought by its own citizens or citizens of another state. *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Shaw v. California Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 603 (9th Cir. 1986); *Office of*

*Hawai'ian Affairs v. Department of Educ.*, 951 F. Supp. 1484, 1490 (D. Haw. 1996). The Eleventh Amendment also bars Federal Court actions against state officials in their official capacities, *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985), and against instrumentalities or agencies of a state. *Shaw*, 788 F.2d at 603. A state may waive its immunity only if it does so unequivocally, or Congress can exercise its power under the Fourteenth Amendment to override that immunity. *Will v. Michigan Dep't State Police*, 491 U.S. 58, 66 (1989). Absent a waiver or abrogation or immunity, federal statutory and constitutional claims for monetary damages are barred against state officials sued in their official capacities. *Dittman v. State of California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999).

In order to waive sovereign immunity, a state's consent must be expressed unequivocally. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). The State of Hawaii has not waived its sovereign immunity in federal court for civil rights actions. Here, the State of Hawaii, Governor Abercrombie and Attorney General Louie have invoked the doctrine of sovereign immunity.

Congress has the power to abrogate the sovereign immunity of the states pursuant to Section 5 of the Fourteenth Amendment to the United States Constitution[2]: "The Congress shall have power to enforce, by appropriate legislation, the provisions of this article." Congress must do so by enacting a

---

[2] Congressional abrogation of the State's Eleventh Amendment immunity does not appear to be an issue in the instant case.

statute which "explicitly and by clear language indicate(s) on its face an intent to sweep away the immunity of the States." *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Kimel v. Florida Board of Regents*, 528 U.S. 62, 73 (2000) (Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute). In *Will v. Michigan Dep't State Police*, 491 U.S. 58, 65-66 (1989) the Court held that Congress did not abrogate the States' Eleventh Amendment immunity when enacting 42 U.S.C. §1983:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties . . . .

42 U.S.C. § 1983 provides that any "person" acting under the color of state law in violating another's rights is liable to that injured party. However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71; *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). With respect to state officials, although they are literally persons, a suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. As such, it is no different from a suit against the state itself. *Will*, 491 U.S. at 71 (citation omitted).

The State of Hawaii has not waived its sovereign immunity, and Congress, in passing 42 U.S.C. § 1983, did not abrogate the Eleventh Amendment immunity

of state governments. This Court therefore lacks jurisdiction over all of Plaintiff's federal constitutional claims against the State of Hawaii, and over Plaintiff's claims for monetary damages against Governor Abercrombie and Attorney General Louie. Accordingly, judgment or dismissal should be entered in favor of the State of Hawaii, and in favor of Governor Abercrombie and Attorney General Louie on Plaintiff's claim for monetary damages.

B. Plaintiff's Claims Against Governor Abercrombie and Attorney General Louie for Injunctive Relief Are Also Barred.

Pursuant to *Ex Parte Young*, 209 U.S. 123 (1908), a plaintiff may bring claims under 42 U.S.C. § 1983 for prospective injunctive relief against a state official in his official capacity. This is because "official-capacity actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. at 71 n.10. In determining "whether the doctrine of *Ex Parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Public Serv. Comm'n of Md., et al.*, 535 U.S. 635, 645 (2002); *ACS of Fairbanks, Inc. v. GCI Communication Corp.*, 321 F.3d 1215, 1216-17 (9th Cir. 2003). A plaintiff may not seek a "retroactive award which requires the payment of funds from the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 677 (1974).

In this case, Plaintiff seeks "Permanent Injunctions of H.R.S. 134 and Immediate issuance of a Concealed Carry Weapons Permit or an Unconcealed Carry Weapons Permit for a period of not less than three years." (apparently a mandatory injunction). *See* Complaint at Prayer for Relief, page 45 et seq. Plaintiff's claims against Governor Abercrombie and Attorney General Louie fail, however, because the Complaint fails to allege a "nexus between the violation of federal law and the individual accused of violating the law." *Pennington Seed, Inc. v. Produce Exchange No. 299*, 457 F.3d 1334, 1342 (C.A. Fed. 2006). "[This nexus] requires more than simply a broad general obligation to prevent a violation; it requires an actual violation of federal law by that individual." *Id.* at 1342-43; *Frew v. Hawkins*, 540 U.S. 431, 437 (2004).

Plaintiff asserts that Governor Abercrombie "is responsible for the oversight of all laws passed in the State of Hawaii, and to insure that the laws are in compliance with and not contrary with the Constitution of the United States of America." *See* Complaint at paragraph 2. Plaintiff further asserts that Attorney General Louie "is responsible for advising the legislative branches of government, that the Hawaii State Laws, as ratified, as within conformance with and are not in contravention of the Constitution. [He] being the top law enforcement officer within the State of Hawaii is obligated to provide legal guidance for the enforcement of state law to the various counties." *See* Complaint at paragraph 3.

Allegations of general oversight of State law are insufficient to establish the required nexus between the Governor, and the Attorney General, and the alleged violation of Plaintiff's rights through the enforcement of HRS Chapter 134. A state official's connection to the enforcement of the statutes "must be fairly direct, a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcement of the challenged provision will not subject an officer to suit." *Los Angeles County Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992). *See also Baker*, p.21-24, *Young*, 548 F. Supp. 2d at 1163-4, and *Young*, 2009 WL 1955749 at p 7.

Accordingly, this Court lacks jurisdiction over Plaintiff's claims against Governor Abercrombie and Attorney General Louie and dismissal should therefore likewise be entered in his favor on Plaintiff's claims for declaratory and injunctive relief.

Finally, Movants point out that the Complaint is massively violative of FRCP 8(a), spread out over 53 pages, and allegations interlaced with argument, and extraneous material that contributes nothing toward understanding the claim. It is true that Movants could ferret out sufficient understanding of the Complaint to formulate their Eleventh Amendment Motion to Dismiss, but that does not obviate Plaintiff's violation of the rules.

IV. CONCLUSION

Based on the above-stated reasons and authorities, the State of Hawaii, Governor Abercrombie and Attorney General Louie respectfully request that the foregoing motion be granted.

DATED: Honolulu, Hawaii, August 16, 2012.

        STATE OF HAWAII

        DAVID M. LOUIE
        Attorney General of Hawaii

        */s/ John M. Cregor, Jr.*
        JOHN M. CREGOR, JR.
        Deputy Attorney General

        Attorney for Defendants
        STATE OF HAWAII; NEIL ABERCROMBIE,
        In his Official Capacity as Governor of
        Hawaii; and DAVID M. LOUIE, in his
        Official Capacity as Attorney General of
        Hawaii