GEORGE K. YOUNG, JR.
1083 Apono Place
Hilo, Hawaii 96720
Tel: (808) 895-1735
Email: Yorozuyo@aol.com

*Plaintiff   Pro Se*

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 10 2012

at 11 o'clock and 2e min. A M.
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

GEORGE K. YOUNG, JR.

Plaintiff  Pro Se

vs.

STATE OF HAWAII et al

Defendants

Civil No. CV12-00336 HG/BMK

PLAINTIFF'S RULE 16
SCHEDULING CONFERENCE
STATEMENT: CERTIFICATE OF
SERVICE

**Rule 16 Scheduling Conference**
**Date:  October 12, 2012**
**Time:  9:00 a.m.**
**Judge: Honorable Barry M.**
      **Kurren**

1

## PLAINTIFF GEORGE K. YOUNG, JR.'S RULE 16 SCHEDULING CONFERENCE STATEMENT

Plaintiff, **George K. Young, Jr.**, does hereby submit his Scheduling Conference

Statement pursuant to **LR 16.2(b)** of the Rules of the United States District court

for the District of Hawaii.

I. **NATURE OF THE CASE**

Plaintiff, **George K. Young, Jr.**, claims ...the right **(Nowhere else in the**

**Constitution does a "right"attributed to "the People" refer to anything other**

**than an individual right. (Wash., D.C. v. Heller, slip op. pg. 6)** to bear **('wear,**

**bear, or carry ... upon the person or in the clothing or in a pocket for the**

**purpose ... of being armed and ready for offensive or defensive action in case of**

**conflict with another person."(Muscarello v. United States, 524 U.S. 125 (1998);**

**Wash. D.C. v. Heller, slip op, pg 10)** arms **('the Second Amendment extends,**

**prima facie, to all instruments that constitute bearable arms, even those that**

**were not in existence at the time of the founding (Wash., D.C. v. Heller, slipop,**

**pg 8)**, concealed or unconcealed, outside of the home for purpose of offensive or

defensive action in case of conflict with another person, is an individual right.

Hawaii Revised Statute 134 and Hawaii Revised Statute 134-9 is alleged to be

unconstitutional as it grants and delegates, by means of a non-existent State

2

authority and power which the State legislature does not possess, to local law enforcement to initiate "prior restraint" by denying a license or permit to carry a firearm under threat of criminal prosecution for the exercise of a constitutionally guaranteed right without a permit.

## II. **STATEMENT OF JURISDICTION**

(1)  This court maintains **original jurisdiction** and is the proper venue as to the claimed violations of **enumerated** federal constitutional rights.

(2)  This court is obligated under U.S. Constitution, Article VI, Clause 2.

(3)  (a)  This court is inferior and is subordinate to the authority of:  U.S. Constitution, Article III, Section 1. "The judicial Power of the United States shall be invested in **one Supreme Court...".**

(b)  This court is obligated under U.S. constitution, Article III, Section 2. "The judicial Power shall extend to **all Cases** in law and Equity, **arising under this Constitution, the Laws of the United States...."**

## III. **JURY TRIAL**

A demand for jury trial has not been requested in this case.

## IV. **DISCLOSURES**

Plaintiff will provide all disclosures within the prescribed time limits in compliance within the established Federal and Local Rules.

## V. **DISCOVERY**

Discovery rules will be complied with and followed without exception.  It is agreed that disclosures will be made within the time limits in accordance with the rules.

## VI. **SPECIAL PROCEDURES AND OTHER MATTERS**

a. Motions to dismiss have been filed by Defendants.

b. Motion in Opposition to Motions to Dismiss have been filed by Plaintiff.

c. Court has indicated that it will rule on the Motions without a hearing in accordance with Local Rule 7.2(d) **(Judge Helen Gillmor).**

d. Plaintiff and Defendants did not meet in conference to discuss an amicable resolution to legal controversy.

## VII. **RELATED CASES**

4

Plaintiff is unaware of any other directly related cases.  Plaintiff has had two other previous cases with related Second Amendment challenges in the United States District Court for the District of Hawaii **(Judge Helen Gillmor on first case and Judge David Ezra on the Second case).**  Due to ***Washington, D.C. v. Heller, 554 U.S. 570 (2008)*** and ***McDonald v. City of Chicago, 130 S.CT. 3020 (2010)*** both opinions in previous cases submitted by Plaintiff, and ruled upon, is assumed to be irrelevant, null and void.  This court and its' Judges ruled the previous two cases, in general, as follows:

a.  The Second Amendment is the collective right of the State and **not an individual right.**

b.  Plaintiff did not have Article III standing, as the Second Amendment right is the collective right of the state.

c.  Plaintiff did not have Fourteenth Amendment protection as the Second Amendment was **not an individual right.**

d.  Plaintiff, in accordance to the mandate of H.R.S. 134-9, to pre-qualify for the right to bear arms, did not provide a clear **"exceptional case..."** need; or **"where the urgency or the need has been sufficiently indicated...".**  Since the outer parameters of the pre-qualifying requirements have not been sufficiently

detailed, such a need could be construed to mean, e.g. ...being an active member of the army reserve, the army national guard or the air reserve (militias) of the state of Hawaii, which in itself would be unconstitutional, as Plaintiff is now a member of the private sector and a member of the **"unorganized and unmanaged militia",** entitled to bear arms.

**Cases that are presently active and are parallel:**

In the Ninth Circuit Court of Appeals scheduled to be heard by the same panel on the same day in December 2012:

(1) **Edward Peruta et al v. County of San Diego; No. 10-56971; D.C. No. 3:09-cv-02371-IEG-BGS Southern District of California, San Diego.**

(2) **Adam Richards et al v. Ed Prieto, County of Yolo; No. 11-16255; D.C. No. 2:09-cv-01235-MCE-DAD Eastern District of California, Sacramento.**

(3) **Christopher Baker v. Louis Kealoha et al; No. 12-16258; D.C. No. 1:11-cv-00528-ACK-KSC District of Hawaii, Honolulu.**

In the United States District Court Central District of California:

**Dorothy McKay, et al v. Sheriff Sandra Hutchens, et al; Case No: 8:12-cv-01458-JVS-JPR**

In the United States Fourth Circuit Court of Appeals:

**Raymond Woollard, et al v. Terrence Sheridan, et al; Civil Case No. L-10-2068**

**(United States District Cour, District of Maryland).**

Dated: Hilo, Hawaii, October 9, 2012

Respectfully Submitted,

GEORGE K. YOUNG, JR.

Plaintiff   Pro Se