GEORGE K. YOUNG, JR
1083 Apono Place
Hilo, HI 96720
808-959-5488
CELL: 808-895-1735
PRO SE

## UNITED STATE COURT OF THE DISTRICT OF HAWAII

| | |
|---|---|
| GEORGE K. YOUNG, JR., <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF HAWAII and NEIL ABERCROMBIE in his capacity as Governor of the State of Hawaii; DAVID M. LOUIE in his capacity as State Attorney General; COUNTY OF HAWAII, as a sub-agency of the State of Hawaii and WILLIAM P. KENOI in his capacity as Mayor of the County of Hawaii; and the HILO COUNTY POLICE DEPARTMENT, as a sub-agency of the County of Hawaii and HARRY S. KUBOJIRI in his capacity as Chief of Police; JOHN DOES 1-25; JANE DOES 1-25; CORPORATIONS 1-5, and DOE ENTITIES 1-5, <br><br> Defendants. | Civ. No. 12-00336 HG BMK <br> Notice of Appeal |

### Notice of Appeal

NOTICE IS HEREBY GIVEN that the Plaintiff George K. Young, plaintiff in the above named case, hereby appeal to the United States Court of Appeals for the Ninth Circuit from the order and judgment order granting County of Hawaii

Official Defendants' Motion To Dismiss (DOC. 23) and State of Hawaii Defendants' Motion to Dismiss (DOC. 25), entered in this action on the 11th day of November, 2012 (Dkt. No. 42).

Respectfully submitted this 12th day of December, 2012

*George K. Young*
George K. Young

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GEORGE K. YOUNG, JR.,<br><br>            Plaintiff,<br><br>    vs.<br><br>STATE OF HAWAII and NEIL<br>ABERCROMBIE in his capacity<br>as Governor of the State of<br>Hawaii; DAVID M. LOUIE in his<br>capacity as State Attorney<br>General; COUNTY OF HAWAII, as<br>a sub-agency of the State of<br>Hawaii and WILLIAM P. KENOI<br>in his capacity as Mayor of<br>the County of Hawaii; and the<br>HILO COUNTY POLICE<br>DEPARTMENT, as a sub-agency<br>of the County of Hawaii and<br>HARRY S. KUBOJIRI in his<br>capacity as Chief of Police;<br>JOHN DOES 1-25; JANE DOES 1-<br>25; CORPORATIONS 1-5, and DOE<br>ENTITIES 1-5,<br><br>            Defendants. | Civ. No. 12-00336 HG BMK |

**ORDER GRANTING COUNTY OF HAWAII OFFICIAL DEFENDANTS' MOTION TO DISMISS (DOC. 23) AND STATE OF HAWAII DEFENDANTS' MOTION TO DISMISS (DOC. 25)**

Plaintiff George K. Young, Jr. sues County and State Officials alleging violations of 42 U.S.C. §§ 1983, 1985 and 1986 in the denial of his application for a license to carry a weapon in public, pursuant to Hawaii Revised Statute § 134-9. Plaintiff asserts that the enforcement of Hawaii Revised Statutes §§ 134-6 and 134-9 violate the rights guaranteed him by Article I of the United States Constitution, and by the Second, Ninth, and

Fourteenth Amendments. To remedy the alleged violations, Plaintiff seeks damages, an order enjoining the enforcement of Chapter 134 of Hawaii Revised Statutes, and a three-year permit for carrying a weapon in public.

Defendants move to dismiss the Complaint.

Plaintiff's claims against the State and State Officials are barred by the doctrine of sovereign immunity. Plaintiff's claims against the County and County Officials fail because Plaintiff has not alleged a Constitutional violation.

The Court **GRANTS** Defendants' Motions to Dismiss Plaintiff's Complaint.

## PROCEDURAL HISTORY

On June 12, 2012, Plaintiff filed a Complaint. (Doc. 1.)

On August 10, 2012, the County Official Defendants filed a Motion to Dismiss Plaintiff's Complaint. (Doc. 23.) The County of Hawaii and Hilo County Police Department were never served.

On August 16, 2012, the State of Hawaii Defendants filed a Motion to Dismiss Plaintiff's Complaint. (Doc. 25.)

On September 6, 2012, Plaintiff filed an Opposition to the Motions to Dismiss. (Doc. 29.)

On October 1, 2012, the County of Hawaii Officials Defendants filed a Reply. (Doc. 33.)

On October 1, 2012, the State of Hawaii Defendants filed a Reply. (Doc. 34.)

The Court elected to decide the matter without a hearing pursuant to Local Rule 7.2(d).

## BACKGROUND

### A. Factual Allegations Set Forth In The Complaint

The Complaint alleges that Defendants violated Plaintiff George K. Young, Jr.'s rights under the United States Constitution by denying his applications for a license to carry a firearm, pursuant to Hawaii Revised Statute ("HRS") § 134-9. Plaintiff also alleges that HRS § 134-6, which was repealed in 2006, is unconstitutional.

### B. Legal Allegations Set Forth In The Complaint

The Complaint sets out claims asserting that HRS §§ 134-6 and 134-9 ("Hawaii's Firearm Carrying Laws") violate Plaintiff's rights guaranteed by Article I of the United States Constitution, and by the Second, Ninth, and Fourteenth Amendments.

Plaintiff's primary contention involves HRS § 134-9, Hawaii's License to Carry Law. The law conditions the ability to carry a pistol or revolver and ammunition in public. Haw. Rev. Stat. § 134-9.

The other challenged provision, HRS § 134-6, was repealed in 2006 and replaced by HRS §§ 134-21 through 134-27. See Act 66, § 6, of the 2006 Haw. Sess. Laws; State v. Ancheta, 220 P.3d 1052 (Haw.Ct.App. 2009)(noting the similarity between HRS § 134-6 and the replacement statutes). The statutes at issue regulate the transportation of weapons outside of a person's private property.

People who hold a License to Carry, pursuant to HRS § 134-9, are exempt from the provisions.

Counts One through Five allege the following claims against all Defendants:

> **COUNT ONE** - "(42 U.S.C. § 1983, 1985, 1986) Violation of U.S. Constitution, Article I, Section 10, Cls. 1: 'No State shall . . . pass . . . any Bill of Attainder. . .'"
>
> **COUNT TWO** - "(42 U.S.C. 1983, 1985, 1986) Violation of U.S. Constitution, Article I, Section 10: 'No State shall . . . pass any . . . law impairing the Obligations of Contract . . .'"
>
> **COUNT THREE** - "Violation of U.S. Constitution, Amendment II"
>
> **COUNT FOUR** - "Violation of U.S. Constitution, Amendment IX"
>
> **COUNT FIVE** - "Violation of U.S. Constitution, Amendment XIV '. . .No State shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States . . . '"

The Complaint also alleges a cause of action under the Due Process Clause of the Fourteenth Amendment. (Complaint at pg. 6.) Plaintiff requests a permanent injunction preventing the enforcement of HRS Chapter 134, damages, and punitive damages. He also requests that he be immediately issued a permit to carry an unconcealed or concealed weapon for three years.

### C. Plaintiff's Previous Cases

Plaintiff has previously filed two similar Complaints in the Federal District of Hawaii. In the first case, Young v. Hawaii, 548 F.Supp.2d 1151 (D. Haw. 2008)("Young I"), Plaintiff sued State and County Officials based on the denial of his application to carry a weapon in public. The factual and legal basis are

nearly identical to the case before the Court. On March 12, 2008, the District Court dismissed the Complaint with prejudice. The Court held that sovereign immunity barred suit against the State and State officials. As to the County, the Court held that Plaintiff lacked standing to sue for a Second Amendment violation, reflecting the state of the law at the time of the decision.

In the second case, Young v Hawaii, No. 08-00540, 73 Fed.R. Serv.3d 1635 (D. Haw. Jul. 2, 2009)("Young II"), Plaintiff alleged the same violations as in Young I after he was again denied a permit after reapplying. Three differences existed between Young I and Young II. First, in Young II, Plaintiff brought causes of action against County Officials in their individual capacities, as well as official capacities. Second, after Young I, the Supreme Court of the United States decided Heller v. District of Columbia, 540 U.S. 570 (2008), holding that the Second Amendment of the United States Constitution conferred a limited right to individuals to keep and bear arms. Third, at the time of the District Court's Order, the Ninth Circuit Court of Appeals held that the Second Amendment applied to the states, not just to the federal government. Nordyke v. King, 563 F.3d 439 (9th Cir. 2009), vacated, 611.F.3d 1015 (9th Cir. 2010)(remanding back to panel after McDonald v. City of Chicago), rehearing en banc, 681 F.3d 1041 (9th Cir. 2012). While Heller and King did confer standing on Plaintiff to challenge an alleged infringement

5

Case 1:12-cv-00336-HG-BMK   Document 56-3   Filed 12/26/12   Page 8 of 20   PageID #:
Case 1:12-cv-00336-HG-BMK   Document 42   Filed 11/29/12   Page 6 of 40   PageID #: 226
400

of his Second Amendment right, Plaintiff was estopped from bringing the claims a second time due to the preclusive effect of Young I.

## STANDARD OF REVIEW

Defendants move to dismiss the alleged causes of action in Counts I through V, pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court may dismiss a complaint as a matter of law pursuant to Rule 12(b)(6) where it fails "to state a claim upon which relief can be granted."  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id. at 699.  The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In Bell Atl. Corp. v. Twombly, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context.  550 U.S. 544 (2007).  The Supreme Court stated that Rule 8 of the Federal Rules of Civil

Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

Most recently, in Ashcroft v. Iqbal, the Supreme Court clarified that the principles announced in Twombly are applicable in all civil cases. 556 U.S. 662 (2009). The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Id. at 678 (citing Twombly, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. (quoting Twombly, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to

defend itself effectively" and must "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." AE ex rel Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012)(internal quotations omitted).

A plaintiff should be given leave to amend the complaint, unless it could not be saved by any amendment. Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009)(internal quotations omitted). A court may deny leave to amend a complaint if a plaintiff could not possibly cure the deficiency by alleging "other facts consistent with the challenged pleading." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010), *cert. denied*, 132 S.Ct. 95 (Oct. 03 2011). A court may also deny leave to amend if it would be futile, such as when a claim will inevitably be defeated on summary judgment. Johnson v. Am. Airlines, Inc., 834 F.2d 721, 724 (9th Cir. 1987).

## ANALYSIS

Plaintiff's allegations arise from being denied a permit to carry a firearm, pursuant to HRS § 134-9. County Officials and all State Defendants move to dismiss Plaintiff's causes of action. State Defendants claim that Plaintiff's suit against them is barred by the Eleventh Amendment to the United States Constitution. County Official Defendants claim that Plaintiff lacks standing and that the Complaint does not allege a United

States Constitutional violation. The County of Hawaii and Hilo County Police Department were not served and have not entered an appearance in the action.

I.  **PLAINTIFF'S FEDERAL CONSTITUTIONAL CLAIMS AGAINST THE STATE OF HAWAII DEFENDANTS ARE BARRED BY ELEVENTH AMENDMENT IMMUNITY**

Plaintiff sues the State of Hawaii, Neil Abercrombie in his official capacity as the Governor of Hawaii, and David M. Louie in his official capacity as the Attorney General of Hawaii.

The doctrine of sovereign immunity applies when civil rights claims are brought against the State of Hawaii. The State of Hawaii has not waived its Eleventh Amendment immunity, and Congress did not abrogate the States' sovereign immunity when enacting 42 U.S.C. § 1983. Plaintiff's claims against the State of Hawaii and Defendants Abercrombie and Louie under 42 U.S.C. §§ 1983, 1985, and 1986 for violation of the prohibition on Bills of Attainders in the United States Constitution, the Contract Clause, and the Second, Ninth, and Fourteenth Amendments are barred by Eleventh Amendment Immunity.

A.  **The Doctrine of Sovereign Immunity**

The doctrine of sovereign immunity is set out in the Eleventh Amendment of the United States Constitution:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

9

U.S. Const. amend. XI. The United States Supreme Court has held that Eleventh Amendment immunity extends to suits against a State or its agencies by citizens of that same State. Hans v. Louisiana, 134 U.S. 1 (1890).

Sovereign immunity generally bars the federal courts from entertaining suits brought against a State or its agencies, unless a State waives immunity or Congress abrogates immunity pursuant to § 5 of the Fourteenth Amendment to the United States Constitution. L.A. Cnty. Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir. 1992); Wilbur v. Locke, 423 F.3d 1101, 1111 (9th Cir. 2005), cert. denied 546 U.S. 1173 (2006).

Sovereign immunity also bars federal statutory and constitutional claims for money damages against state officials sued in their official capacities, absent a waiver or abrogation of immunity. See Dittman v. State of California, 191 F.3d 1020, 1025-26 (9th Cir. 1999). State officials may be subject to suit for prospective injunctive relief under the doctrine established in Ex parte Young, 209 U.S. 123 (1908).

B. Hawaii Has Not Waived Sovereign Immunity

In order to waive sovereign immunity, a State's consent must be expressed unequivocally. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984). The State of Hawaii has not waived its sovereign immunity from suit in federal court for civil rights actions. See Linville v. State of Hawaii, 874 F.Supp. 1095,

1103 (D.Haw. 1994). Here, the State of Hawaii Defendants have invoked the doctrine of sovereign immunity.

### C. 42 U.S.C. §§ 1983, 1985, and 1986 Do Not Abrogate Sovereign Immunity

Congress has the power to abrogate the sovereign immunity of the States, pursuant to Section 5 of Amendment XIV of the United States Constitution: "The Congress shall have power to enforce, by appropriate legislation, the provisions of this article." Congress must do so by enacting a statute which "explicitly and by clear language indicate[s] on its face an intent to sweep away the immunity of the States." Quern v. Jordon, 440 U.S. 332, 332 (1979); Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 73 (2000)(Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute).

Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983. Section 1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Congress did not abrogate the States' Eleventh Amendment immunity when enacting 42 U.S.C. § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, at 65-66 (1989). States and State officials acting in their official capacities, except where

11

sued for prospective injunctive relief, are not considered "persons" for purposes of Section 1983 liability. Id. at 71; Sherez v. Hawaii Dep't of Educ., 396 F.Supp.2d 1138, 1142-43 (D. Haw. 2005) (dismissing claims against the Department of Education and against State official in their official capacity on Eleventh Amendment immunity grounds). The same rule applies to Plaintiff's other Eleventh Amendment claims, as Congress did not abrogate the States' Eleventh Amendment immunity when enacting 42 U.S.C. §§ 1985 and 1986.

The State of Hawaii has not waived sovereign immunity, and Congress, in passing 42 U.S.C. §§ 1983, 1985, and 1986, did not abrogate Eleventh Amendment immunity of state governments. The Court lacks jurisdiction over all of Plaintiff's federal constitutional claims against the State of Hawaii, and over Plaintiff's claims for money damages against the Governor of Hawaii and the Attorney General of Hawaii. The claims are **DISMISSED WITH PREJUDICE**.

D. **Plaintiff's Claims Against The Governor Of Hawaii and The Attorney General Of Hawaii In Their Official Capacities**

Plaintiff's claims under 42 U.S.C. §§ 1983, 1985, and 1986 for prospective injunctive relief against the Governor of Hawaii and the State Attorney General, in their official capacities, are not barred by sovereign immunity. Under the doctrine established in Ex parte Young, 209 U.S. 123 (1908), Eleventh Amendment immunity does not apply to a suit "for prospective declaratory and injunctive

Case 1:12-cv-00336-HG-BMK   Document 56-3   Filed 12/26/12   Page 15 of 20   PageID #:
Case 1:12-cv-00336-HG-BMK   Document 42   Filed 11/29/12   Page 13 of 40   PageID #: 233
285

relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law." Wilbur, 423 F.3d at 1111 (quoting Agua Caliente Band of Cahuilla Indians v. Hardin, 223 F.3d 1041, 1045 (9th Cir. 2000)). Such actions are not considered actions against the State. Will, 491 U.S. at 71 n.10.

The United States Supreme Court ruled in 1908, in Ex Parte Young that a claim against a state official is appropriate when the complaint (1) alleges an ongoing violation of federal law and (2) seeks relief properly characterized as prospective. Verizon Md., Inc. v. Public Serv. Comm'n, 535 U.S. 635, 645 (2002); ACS of Fairbanks, Inc. v. GCI Commc'n Corp., 321 F.3d 1215, 1216-17 (9th Cir. 2003). The holding by the United States Supreme Court in Ex Parte Young does not allow claims for retroactive relief. Eleventh Amendment immunity bars a federal court from awarding compensation for past injuries from state treasury funds. Edelman v. Jordan, 415 U.S. 651 (1974). The suit must be brought against a state officer with a sufficient connection to a law's enforcement. Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1342 (Fed. Cir. 2006). The named state official must actually violate federal law. Broad generalizations, such as a governor or state attorney general's obligation to enforce all state laws, do not have a sufficient nexus for an Ex Parte Young claim.

While Plaintiff requests an injunction against the enforcement of HRS Chapter 134, he is actually challenging the constitutional validity of Hawaii's Firearm Carrying Laws, HRS §§ 134-9 and 134-23

through 134-27. Plaintiff's primary contention involves the licensing scheme in HRS § 134-9. Plaintiff argues that because the Second Amendment guarantees the fundamental individual right to bear arms, HRS Chapter 134's restrictions are unconstitutional. The analysis of Hawaii's Firearm Carrying Laws *infra* finds them to be constitutional.

Additionally, Plaintiff's claims against Governor Abercrombie and Attorney General Louie are based on their general oversight of Hawaii laws. These allegations are insufficient to establish a nexus between the named State officials and the alleged violation of Plaintiff's civil rights. See Pennington, 457 F.3d at 1342-43; L.A. Cnty. Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir. 1992). Governor Abercrombie and Attorney General Louie do not have a sufficient nexus to the enforcement of Hawaii's Firearm Carrying Laws. See Young I, 548 F.Supp.2d at 1164.

Plaintiff does not sufficiently allege claims against the Governor of Hawaii and the State Attorney General of Hawaii in their official capacities. The claims against Defendants Abercrombie and Louie are **DISMISSED WITH PREJUDICE**.

II. **PLAINTIFF'S FEDERAL CONSTITUTIONAL CLAIMS AGAINST THE COUNTY OF HAWAII, THE HILO COUNTY POLICE DEPARTMENT, AND WILLIAM P. KENOI AND HARRY S. KUBOJIRI IN THEIR OFFICIAL CAPACITIES**

The Complaint names the County of Hawaii, the Hilo County Police Department, Mayor William P. Kenoi, and Police Chief Harry S. Kibojiri as Defendants. Mayor Kenoi and Police Chief Kibojiri are sued only in their official capacities. Plaintiff has not

served the County of Hawaii or the Hilo County Police Department. Mayor Kenoi and Police Chief Kibojiri move to dismiss all claims.

### A. Plaintiff's Claims Against Defendants Mayor Kenoi and Police Chief Kubojiri Are Analyzed in the Same Manner as If They Were Directly Brought Against the County of Hawaii

A Section 1983 claim against a county official in his or her official capacity is the same as bringing a direct action against the government. See Wong v. City & Cnty. of Honolulu, 333 F.Supp.2d 942, 947 (D. Haw. 2004)(citing Kentucky v. Graham, 473 U.S. 159, 166-67 n. 14 (1985)).

The claims asserted against Defendants Mayor Kenoi and Police Chief Kubojiri, in their official capacities, are analyzed as a municipal liability claim against the County of Hawaii.

### B. Municipal Liability Under § 1983

Plaintiff's municipal liability claims against Defendants Mayor Kenoi and Police Chief Kibojiri ("County Official Defendants"), in their official capacities, are based on 42 U.S.C. § 1983. Section 1983 provides a mechanism for plaintiffs to challenge allegedly unconstitutional actions by governmental officials. Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 978 (9th Cir. 2004). The statute does not create any substantive rights. Id. To state a cause of action under § 1983, a "plaintiff must demonstrate a deprivation of a right secured by the Constitution or laws of the United States, and that the defendant acted under color of state law." Kirtley v. Rianey, 326 F.3d 1088,

1092 (9th Cir. 2003); Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1988).

A municipality may be liable in a Section 1983 action under two theories. In the first instance, a municipality is liable in a Section 1983 action for injuries caused by a municipality's unconstitutional policy or custom. See Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978); Webb v. Sloan, 330 F.3d 1158, 1164 (9th Cir. 2003), cert. denied, 540 U.S. 1141 (2004). The official policy or custom requirement limits municipal liability to actions in which the municipality is actually responsible for the unconstitutional act. Gausvik v. Perez, 239 F.Supp.2d 1047, 1053 (E.D. Wash. 2002) (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 479-80 (1986)). Even if the unconstitutional practice is not authorized by written law, the municipality may still be liable when the practices are "so permanent and well-settled as to constitute a 'custom or usage' with the force of law." Monell, 436 U.S. at 691.

The second action for which a municipality may be held liable under Section 1983 is for failure to train, supervise, or discipline its employees. City of Canton v. Harris, 489 U.S. 378, 387 (1989).

    C.    **Plaintiff Fails To State A Federal Constitutional Claim Against the County Official Defendants Under Section 1983**

It is not disputed that County Official Defendants acted under color of State law. Plaintiff's claims against the County Official Defendants are that the County's policy of enforcing Hawaii's

Case 1:12-cv-00336-HG-BMK   Document 56-3   Filed 12/26/12   Page 19 of 20   PageID #:
Case 1:12-cv-00336-HG-BMK   Document 42   Filed 11/29/12   Page 17 of 40   PageID #: 237
299

Firearm Carrying Laws results in a deprivation of Plaintiff's civil rights under Article I of the United States Constitution, and the Second, Ninth, and Fourteenth Amendments to the United States Constitution. Plaintiff's claims primarily concern the licensing scheme for pistols and revolvers in HRS § 134-9.

The statute provides:

> (a) In an exceptional case, when an applicant shows reason to fear injury to the applicant's person or property, the chief of police of the appropriate county may grant a license to an applicant who is a citizen of the United States of the age of twenty-one years or more or to a duly accredited official representative of a foreign nation of the age of twenty-one years or more to carry a pistol or revolver and ammunition therefor concealed on the person within the county where the license is granted. Where the urgency or the need has been sufficiently indicated, the respective chief of police may grant to an applicant of good moral character who is a citizen of the United States of the age of twenty-one years or more, is engaged in the protection of life and property, and is not prohibited under section 134-7 from the ownership or possession of a firearm, a license to carry a pistol or revolver and ammunition therefor unconcealed on the person within the county where the license is granted. The chief of police of the appropriate county, or the chief's designated representative, shall perform an inquiry on an applicant by using the National Instant Criminal Background Check System, to include a check of the Immigration and Customs Enforcement databases where the applicant is not a citizen of the United States, before any determination to grant a license is made. Unless renewed, the license shall expire one year from the date of issue.
>
> (b) The chief of police of each county shall adopt procedures to require that any person granted a license to carry a concealed weapon on the person shall:
>
>> (1) Be qualified to use the firearm in a safe manner;
>>
>> (2) Appear to be a suitable person to be so licensed;
>>
>> (3) Not be prohibited under section 134-7 from the

> ownership or possession of a firearm; and
>
> (4) Not have been adjudged insane or not appear to be mentally deranged.
>
> (c) No person shall carry concealed or unconcealed on the person a pistol or revolver without being licensed to do so under this section or in compliance with sections 134-5(c) or 134-25.
>
> (d) A fee of $10 shall be charged for each license and shall be deposited in the treasury of the county in which the license is granted.

Haw. Rev. Stat. § 134-9.

Hawaii's Places to Keep Statutes require firearms to "be confined to the possessor's place of business, residence or sojourn," but allowing lawful transport between those places and repair shops, target ranges, licensed dealerships, firearms shows, firearm training, and police stations. See Haw. Rev. Stat. §§ 134-23, 134-24; 134-25; 134-27. Section 134-26 prohibits carrying or possessing a loaded firearm on a public highway. Holders of a valid license to carry, pursuant to HRS § 134-9, are exempt from the provisions.

County Official Defendants seek dismissal of Plaintiff's Section 1983 claims on the grounds that Plaintiff has failed to allege a deprivation of a constitutional right and lacks standing.

### 1. Plaintiff Has Standing To Raise a Second Amendment Challenge to HRS Chapter 134

Article III of the United States Constitution limits the jurisdiction of the federal courts to adjudicating actual cases or controversies. Allen v. Wright, 468 U.S. 737, 750 (1984). Standing